**Bernard GORSTEIN, Plaintiff–Appellant,**

v.

**WORLD SAVINGS BANK, et al., Defendant–Appellees.**

**No. 03–55292.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2004.

Decided Aug. 27, 2004.

Bernard Gorstein, Chatsworth, CA, pro se.

Steven L. Kester, Esq., Kester & Quinlan, LLP, Newport Beach, CA, for Defendant–Appellee.

Before: REINHARDT and CLIFTON, Circuit Judges, and FOGEL,[1] District Judge.

Reinhardt, Circuit Judge, concurred in judgment, and filed opinion.

## MEMORANDUM [2]

The relevant facts are well known to the parties and are not repeated here. The district court did not err in dismissing Appellant's second cause of action for violation of 42 U.S.C. § 407(a). Although Social Security benefits are protected by statute from claims by a beneficiary's creditors unless the beneficiary consents, *see*

---

1. The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

42 U.S.C. § 407(a); *Philpott v. Essex County Welfare Bd.,* 409 U.S. 413, 416–17, 93 S.Ct. 590, 34 L.Ed.2d 608 (1973); *Bennett v. Arkansas,* 485 U.S. 395, 396–97, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988); *Crawford v. Gould,* 56 F.3d 1162, 1166 (9th Cir.1995), only a party that has exercised independent control over the benefits is a proper defendant. The terms "execution, levy, attachment, or garnishment [are] legal terms of art [that] refer to formal procedures by which one person gains a degree of control over property otherwise subject to the control of another, and generally involve some form of judicial authorization." *Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler,* 537 U.S. 371, 383, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003). Appellant alleged no facts suggesting that Appellee itself participated in the application for the TRO or otherwise gained a degree of independent control over the funds in the account. There is no legal authority for the proposition that Appellee was required to determine independently whether a portion of the funds in an intermingled account were subject to statutory protections.[3] According to the first amended complaint, Appellee simply followed a court order obtained by a third party.

To the extent that Appellant may have asserted it, the district court considered and rejected the alternative theory that Appellee may be held liable as a trustee. The district court's conclusions are supported by the record. The district court correctly asked not whether the bank might be liable as a trustee, but whether the bank violated section 407(a). There is no authority holding that a trustee that has not violated section 407(a) may be held liable pursuant to section 407. Although

section 407(a) provides strong protection to Social Security beneficiaries, it does not entitle them to sue intermediaries who have done nothing more than follow a court order that they had no role in obtaining. Appellant's proper course was to alert the state court as to the effect of the TRO, to seek compensation from his ex-wife for obtaining the TRO, or both.

The district court did not err in dismissing Appellant's third cause of action alleging violation of 42 U.S.C. § 1983. To state a claim pursuant to section 1983, Appellant must allege "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy,* 844 F.2d 628, 632—33 (9th Cir.1988). Although Appellant based his cause of action on violation of the equal protection and due process clauses of the Fourteenth Amendment, he identified no wrongful conduct other than Appellee's purported violation of Section 407(a). Because we conclude that Appellee did not violate Section 407(a), there is no legal foundation for a § 1983 claim.

The district court did not err in dismissing Appellant's state law causes of action. Pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction after having dismissed all claims as to which there is federal subject matter jurisdiction. *See* 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The district court did not abuse its discretion in doing so here. *See Bryant v. Adventist Health*

---

3. Appellant's account contained both Social Security and non—Social Security funds. *See*

Appellee's Excerpts of Record, pp. 12–13.

*Sys./West,* 289 F.3d 1162, 1165 (9th Cir. 2002).

AFFIRMED.

REINHARDT, Circuit Judge, concurring in the judgment.

I concur in the result. I agree that a bank is not required under 42 U.S.C. § 407(a) to examine the source of all funds in a general account in order to determine whether the funds include any amounts derived from social security payments and then shield those funds from the effects of a court order that is generally applicable to the account.